**Affirmed as modified; Opinion Filed November 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01097-CR

**JOHN HENRY ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-52271-P**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

A jury convicted appellant John Henry Allen of assault on a peace officer and, following a

punishment hearing, the trial court sentenced appellant to ten years' imprisonment. In only one

issue, appellant argues the judgment should be modified to reflect that appellant's sentence

resulted from a plea agreement.

The record reflects that, at the close of the punishment hearing, the trial court stated: "So

I will sentence you pursuant to the plea bargain agreement, which was an oral plea bargain

agreement on the record, and you agreed to it, [appellant], to ten years [sic] confinement in the

Texas Department of Criminal Justice[.]" The judgment shows that the punishment was assessed

by the "COURT," and it further reads that the punishment and place of confinement is "10 YEARS

INSTITUTIONAL DIVISION, TDCJ." The clerk's record contains no plea-bargain agreement

papers. The trial court's certification of appellant's right of appeal contains a checkmark in the

box adjacent to the pre-printed language, "I, judge of the trial court, certify this criminal case: is not a plea-bargain case, and that the defendant has the right of appeal[.]"  The State argues in its brief that although the judgment does not state that the sentence was an agreed sentence, it is not incorrect in stating that the trial court assessed appellant's punishment.  However, the State says it "is not adverse to this Court modifying the judgment to reflect Appellant's sentence was an 'agreed sentence.'"

We have the power to modify an incorrect judgment to make the record speak the truth when it has the necessary information before it to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we will modify the judgment in this case to reflect that the sentence assessed by the trial court was an agreed sentence.

As modified, the judgment of the trial court is affirmed.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. Civ. P. 47.2(b)
181097F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN HENRY ALLEN, Appellant

No. 05-18-01097-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-52271-P.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment entitled, "Punishment and Place of Confinement: 10 YEARS INSTITUTIONAL DIVISION, TDCJ," should be changed to read: "Punishment and Place of Confinement: AGREED SENTENCE 10 YEARS INSTITUTIONAL DIVISION, TDCJ."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of November, 2019.